UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELLY MORGAN, | ) | 1:08-cv-00233-OWW-GSA-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S |
| v. | ) ) | MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| TILTON, et al., | ) ) | (Doc. 22.) |
| Defendants. | ) ) | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| | ) | |

**I.   BACKGROUND**

Kelly Morgan ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 15, 2008. (Doc. 1.) On October 13, 2009, plaintiff filed a motion for preliminary injunctive relief. (Doc. 22.) On October 15, 2009, plaintiff filed a first amended complaint. (Doc. 23.) Plaintiff's motion for preliminary injunctive relief is now before the court.

**II.   PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### III. DISCUSSION

Plaintiff requests preliminary injunctive relief via federal warrants for the arrest of the Warden, Deputy Warden, Assistant Warden, Associate Warden and Law Library Manager for their continued denial of Plaintiff's access to the C-Facility law library. In the first amended complaint, plaintiff brings claims against defendants for harassment, retaliation, inadequate medical treatment, and violation of due process.[1] Because federal warrants to arrest prison officials would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed October 13, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 2, 2010**          /s/ **Gary S. Austin**

---

[1] The court has not screened the first amended complaint to determine if it states cognizable claims. 28 U.S.C. § 1915A(a).

2

UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES MAGISTRATE JUDGE