1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

KELLY MORGAN,                              1:08-cv-00233-LJO-GSA-PC

                    Plaintiff,             ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS
12
     v.                                    (Doc. 48.)
13
JAMES TILTON, et al.,                      ORDER FOR THIS ACTION TO PROCEED
14                                         ONLY AGAINST DEFENDANT C/O M.
                                           HERNANDEZ ON PLAINTIFF'S CLAIMS
15                  Defendants.            FOR RETALIATION AND OBSTRUCTION
                                           OF MAIL, AND DISMISSING ALL OTHER
16                                         CLAIMS AND DEFENDANTS
17  _____/

18        Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

19  filed pursuant to 42 U.S.C. § 1983.  The case now proceeds on the Third Amended Complaint filed

20  by Plaintiff on July 28, 2011.  (Doc. 45.)  The matter was referred to a United States Magistrate

21  Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On September 8, 2011, the Court entered Findings and Recommendations, recommending

23  that this action proceed only against defendant C/O M. Hernandez on Plaintiff's claims for retaliation

24  and obstruction of mail, and that all other claims and defendants be dismissed based on Plaintiff's

25  failure to state a claim. (Doc. 48.) On September 30, 2011, Plaintiff filed objections and submitted

26  a proposed amendment to the Third Amended Complaint. (Doc. 49.)

27        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this

28  Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

1  including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported
2  by the record and proper analysis.

3     Plaintiff objects to the Magistrate's recommendation that this action proceed only against
4  defendant C/O M. Hernandez for retaliation and obstruction of mail.  Plaintiff seeks to add
5  allegations to the Third Amended Complaint that defendants C/O A. Diaz and C/O A. Silviera
6  assaulted him.  Plaintiff contends there is evidence of the assault contained in his form-602 prison
7  appeals "which you have as evidence in the courts."  (Doc. 49 at ¶2.)

8     ***Rule 15(a) – Motion to Amend***

9     Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
10 pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,
11 a party may amend only by leave of the court or by written consent of the adverse party, and leave
12 shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, Plaintiff has
13 previously amended the complaint three times.  (Docs. 23, 43, 45.)  Therefore, Plaintiff may not file
14 another amended complaint without leave of court.

15    "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
16 requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
17 (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
18 amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
19 delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient
20 to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
21 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999))  The
22 "court's discretion to deny leave to amend is particularly broad where the court has already given
23 the plaintiff an opportunity to amend his complaint."  Fidelity Financial Corp. v. Federal Home Loan
24 Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

25    The Court finds no good cause to grant Plaintiff leave to amend the Third Amended
26 Complaint at this stage of the proceedings to add allegations of assault by defendants Diaz and
27 Silviera.  The Court screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915(a) and
28 found cognizable claims only against defendant Hernandez, for retaliation and obstruction of mail.

1 (Doc. 47.)  Addition of a claim for assault against defendants Diaz and Silviera at this juncture would

2 violate Federal Rule of Civil Procedure 18(a) which prohibits multiple unrelated claims against

3 different defendants in the same action.  There is no evidence that the alleged assault is related to

4 Plaintiff's cognizable claims against defendant Hernandez.  Therefore, it would be futile for Plaintiff

5 to amend the complaint to add the assault claim.  Accordingly, Plaintiff's motion to amend shall be

6 denied.

7 **III.    CONCLUSION**

8      Based on the foregoing, THE COURT HEREBY ORDERS that:

9     1.    The Findings and Recommendations issued by the Magistrate Judge on September

10         9, 2011, are ADOPTED in full;

11     2.    This action now proceeds on Plaintiff's Third Amended Complaint, filed on July 28,

12         2011, against only defendant C/O M. Hernandez, on Plaintiff's claims for retaliation

13         and obstruction of mail, in violation of the First Amendment;

14     3.    All remaining claims and defendants are DISMISSED from this action;

15     4.    Defendants Tilton, Kernan, Yates, Igbinosa, Martinez, Hudson, Grannis, Garrison,

16         Mendoza, Diaz, Silveira, and O'Brien are DISMISSED from this action based on

17         Plaintiff's failure to state any claims upon which relief may be granted against them;

18     5.    Plaintiff's claims for inadequate medical care and violation of due process are

19         DISMISSED for failure to state a claim upon which relief may be granted under

20         section 1983; and

21     6.    The Clerk is DIRECTED to reflect the dismissal of defendants Tilton, Kernan, Yates,

22         Igbinosa, Martinez, Hudson, Grannis, Garrison, Mendoza, Diaz, Silveira, and

23         O'Brien on the Court's docket.

24 IT IS SO ORDERED.

25 **Dated:    October 14, 2011**          **/s/ Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE