# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MORGAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TILTON, et al.,<br><br>　　　　　　　　Defendants.<br>_____/ | 1:08-cv-00233-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Doc. 54.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.  BACKGROUND**

　　Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 15, 2008. (Doc. 1.) On December 8, 2011, Plaintiff filed a motion for the Court to act on his behalf to stop retaliation and other abuses against him by prison officials at Kern Valley State Prison ("KVSP"). (Doc. 100.) Plaintiff's motion is now before the Court.

**II.  PRELIMINARY INJUNCTIVE RELIEF**

　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

1

1  in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An
2  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
3  (citation omitted) (emphasis added).

4  Federal courts are courts of limited jurisdiction and in considering a request for preliminary
5  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
6  it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
7  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
8  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or
9  controversy before it, it has no power to hear the matter in question. Id. Requests for prospective
10 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
11 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
12 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
13 violation of the Federal right."

14 Plaintiff has requested the Court to act on his behalf to stop retaliation and other abuses
15 against him by prison officials at Kern Valley State Prison ("KVSP"), where Plaintiff is presently
16 incarcerated. Specifically, Plaintiff requests the Court to notify the Warden about what is happening
17 to him and to do "something" to offer him relief. (Motion, Doc. 54 at 2.) Plaintiff alleges that he
18 has been placed in administrative segregation in the mental health care unit out of retaliation by
19 Officers J. Burmudez and G. Smith, because of this lawsuit.

20 The Court lacks jurisdiction to grant Plaintiff's request for relief in this action. The action
21 requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This
22 action is proceeding only against defendant C/O M. Hernandez based on events occurring at Pleasant
23 Valley State Prison in 2007 when Plaintiff was incarcerated there. Plaintiff is now incarcerated at
24 KVSP and requests the Court to act based on present events. Because such action is not related to
25 the claims upon which this action proceeds, the Court lacks jurisdiction to offer the relief requested
26 by Plaintiff, and Plaintiff's motion must be denied.

27 ///
28 ///

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on December 8, 2011, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 16, 2012**             /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE