# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MORGAN, | 1:08-cv-00233-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED |
| v. | |
| TILTON, et al., | (Doc. 57.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN **TWENTY (20) DAYS** |

## I.     BACKGROUND

Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 15, 2008. (Doc. 1.) This case now proceeds on Plaintiff's Third Amended Complaint, filed on July 28, 2011, against defendant Correctional Officer (C/O) M. Hernandez ("Defendant") for retaliation and obstruction of mail, in violation of the First Amendment.[1] (Doc. 45.) On December 22, 2011, Defendant filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 57.) On April 18, 2012, Plaintiff

---

[1] All remaining claims and defendants were dismissed from this action by the Court on October 17, 2011, based on Plaintiff's failure to state a claim. (Doc. 52.)

1

1  filed an opposition to the motion.[2] (Doc. 60.)  Defendant did not file a reply.  Defendant's motion
2  to dismiss is now before the Court.

## II. STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

///
///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 4, 2011 and July 10, 2012.  Wyatt, 315 F.3d at 1120 n.14; Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Docs. 17, 62.)  On July 27, 2012, the Court granted Plaintiff the opportunity to file an amended opposition to Defendant's motion within thirty days, but Plaintiff did not do so.  (Doc. 65.)

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT HERNANDEZ FOR RETALIATION AND MAIL OBSTRUCTION

The events at issue allegedly occurred at Pleasant Valley State Prison in Coalinga, California, when Plaintiff was incarcerated there. Plaintiff alleges that on August 1, 2007, he filed an inmate grievance against Defendant Hernandez, alerting prison staff that Defendant engaged in a pattern of harassment against Plaintiff. Specifically, Plaintiff alleges that Defendant intentionally withheld Plaintiff's mail to retaliate against Plaintiff for filing a previous inmate grievance against Defendant on or about July 28, 2007. Plaintiff also alleges that Defendant confined Plaintiff to quarters for four days when Plaintiff complained about denial of medical treatment.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

*Defendant's Motion*

Defendant argues that this action should be dismissed because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendant before filing this lawsuit on February 18, 2008. Defendant submits evidence that on August 1, 2007, Plaintiff filed a CDCR 602 administrative appeal against Defendant, concerning the alleged harassment and mail issues, and the appeal was screened out and returned to Plaintiff on the ground that it was duplicative of an earlier appeal filed by Plaintiff alleging harassment by Defendant. (Third Amended Complaint (3ACP), Doc. 45 at 3; Declaration of J. Morgan ("Morgan Decl."), Doc. 57-2 ¶5 and Exhs. B & C.)

Defendant asserts that Plaintiff's appeals do not appear to be duplicative, as the earlier appeal makes no mention of harassment or mail issues, but Plaintiff did not contest the rejection of his appeal, despite receiving written instructions on how to contest that decision if he so desired. (Morgan Decl. ¶¶5, 6 and Exhs. B & C.) Thus, Defendant argues that Plaintiff did not exhaust the remedies available to him because he failed to follow up on the screen-out letter and therefore did not complete the appeals process.

### *Plaintiff's Opposition*

In opposition, Plaintiff argues that he exhausted the remedies that were available to him. Plaintiff asserts that on August 1, 2007, he filed a grievance at the prison, complaining that C/O Hernandez harassed him by obstructing his mail. (Opp'n, Doc. 60 at 13 (Exh. B.)) On August 13, 2007, the appeal documents were returned to Plaintiff by Appeals Coordinator Hudson on the grounds that the appeal "duplicates a previous appeal upon which a decision has been rendered or is pending." (Opp'n, Doc. 60 at 6-10 ( Exh. A.)) Plaintiff asserts that the appeal was *not* duplicative of his previous appeal, submitted on July 28, 2007, in which he complained that C/O Hernandez had denied him medical care. (Id. at 25-28.) Plaintiff contends that Appeal Coordinator Hudson lied about her reason for rejecting the August 1, 2007 appeal, and that Hudson rejected the appeal because it was filed against staff at the prison. Plaintiff claims there is a pattern of Hudson rejecting his appeals about staff misconduct. Plaintiff maintains that Hudson's action -- deliberately rejecting his appeal for an improper reason -- amounts to a refusal to process his appeal, which ended the administrative process available to him.

### *Discussion*

Defendants' evidence is sufficient to demonstrate that Plaintiff failed to complete the administrative appeals process at the prison to the final or Director's Level, with respect to the allegations upon which this action proceeds. However, a Director's Level response is not necessary to satisfy the exhaustion requirement, and the mere absence of a Director's Level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that

no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). There is no dispute that Plaintiff failed to complete the appeal through all levels of review. The question here is whether Plaintiff exhausted all of the remedies that were available to him.

The parties agree that on August 1, 2007, Plaintiff submitted an appeal complaining about harassment and mail obstruction by C/O Hudson, and that the appeal was screened out on August 13, 2007 on the grounds it was duplicative of an appeal filed previously by Plaintiff. The parties also agree that the appeal was improperly screened out, because it was *not* duplicative of Plaintiff's previous appeal.

Defendant's argument that Plaintiff failed to complete the process because he did not follow up on the August 13, 2007 screen-out letter before filing suit is unpersuasive. First, while it is true that the screen-out letter gave Plaintiff instructions for following up, the letter also stated, "This screening decision may not be appealed," which appears to end the appeals process. (Doc. 60 at 6.) Second, Plaintiff has submitted evidence that he did follow up by sending a letter to the Director of Corrections stamped "Received August 22, 2007," complaining that his appeal was improperly screened out as duplicative, accusing Appeals Coordinator Hudson of rejecting appeals against staff without cause, and requesting assistance to process his appeal. (Doc. 60 at 10.) It is not unreasonable that Plaintiff sought assistance elsewhere instead of returning the screen-out form to Hudson, when he believed that Hudson was deliberately screening out his appeals for improper reasons. As evidence that Hudson was screening out his appeals, Plaintiff submitted a memorandum by Hudson dated September 18, 2007, rejecting Plaintiff's Staff Complaint in part because Plaintiff "has attempted to file several [Staff Complaints] against [the] same officer." (Doc. 60 at 9.)

Defendant has not addressed Plaintiff's evidence or Plaintiff's contention that he completed the process available to him. In light of the fact that the Appeals Coordinator improperly screened out Plaintiff's appeal on August 13, 2007, and Plaintiff's unopposed argument that he made multiple good faith attempts to process his appeal without success, the Court cannot find that Plaintiff did not

5

exhaust the remedies available to him before filing this action. Therefore, the Court finds that Defendant is not entitled to dismissal of this action.

## V.      CONCLUSION AND RECOMMENDATION

Defendant has not met his burden of demonstrating that Plaintiff failed to exhaust his available administrative remedies prior to filing suit, in compliance with § 1997e(a). Therefore, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed on December 22, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **TWENTY (20) DAYS** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 5, 2012                    /s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE

6