UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MORGAN,<br><br>           Plaintiff,<br><br>     vs.<br><br>JAMES TILTON, et al.,<br><br>           Defendants. | 1:08-cv-00233-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br>(Doc. 79.)<br><br>**New Dispositive Motions Deadline,<br>For All Parties:**<br><br>          **November 4, 2013** |

## I.     BACKGROUND

Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 15, 2008. (Doc. 1.) This case now proceeds on Plaintiff's Third Amended Complaint, filed on July 28, 2011, against defendant Correctional Officer (C/O) M. Hernandez ("Defendant") for retaliation and obstruction of mail, in violation of the First Amendment.[1] (Doc. 45.)

///

---

[1] All remaining claims and defendants were dismissed from this action by the Court on October 17, 2011, based on Plaintiff's failure to state a claim. (Doc. 52.)

1

On August 29, 2013, Defendant filed a motion to modify the Scheduling Order for this action. (Doc. 79.)

### III. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendant requests an extension of the September 5, 2013 deadline in the Court's Scheduling Order for the parties to file pretrial dispositive motions. Defendant argues that the deadline should be extended because Defendant's motion to compel, filed on March 18, 2013, is pending, and Defendant has not received responses to his discovery requests from Plaintiff. Moreover, new defense counsel was recently assigned to this case on August 15, 2013, and additional time is needed to conduct a full review of the pleadings, rulings, and discovery, and to prepare a motion for summary judgment.

Defendant has shown good cause for the court to modify the Scheduling Order to extend the deadline for the parties to file pretrial dispositive motions. Therefore, Defendant's motion shall be granted.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the Court's Scheduling Order is GRANTED;
2. The deadline for serving and filing pre-trial dispositive motions, is extended to **November 4, 2013**; and

3.      All other provisions of the Court's Scheduling Order of October 26, 2012, remain the same.

IT IS SO ORDERED.

    Dated:   **August 30, 2013**                              **/s/ Gary S. Austin**
                                                                                      UNITED STATES MAGISTRATE JUDGE