UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MORGAN,<br><br>            Plaintiff,<br><br>    vs.<br><br>JAMES TILTON, et al.,<br><br>            Defendants. | 1:08-cv-00233-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br>(Doc. 75.)<br><br>ORDER FOR PLAINTIFF TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES WITHIN TWENTY DAYS |

**I.    BACKGROUND**

Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 15, 2008.  (Doc. 1.)  This case now proceeds on Plaintiff's Third Amended Complaint, filed on July 28, 2011, against defendant Correctional Officer (C/O) M. Hernandez ("Defendant") for retaliation and obstruction of mail, in violation of the First Amendment.[1] (Doc. 45.)

On October 26, 2012, the Court issued a Scheduling Order establishing a deadline of June 26, 2013, for the parties to complete discovery, including the filing of motions to compel.[2]

---

[1] All remaining claims and defendants were dismissed from this action by the Court on October 17, 2011, based on Plaintiff's failure to state a claim.  (Doc. 52.)

[2] This deadline was not extended and has now expired.

(Doc. 71.) The deadline for the parties to file pretrial dispositive motions was set for September 5, 2013. Id. On September 3, 2013, the dispositive motions deadline was extended to November 4, 2013. (Doc. 80.)

On March 18, 2013, Defendant filed a motion to compel Plaintiff to respond to Defendant's First Set of Interrogatories. (Doc. 75.) Plaintiff has not filed an opposition.

## II.     MOTION TO COMPEL

### A.     Legal Standards

#### *Rule 33 - Interrogatories*

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

#### *Court's Scheduling Order*

The court's Scheduling Order of October 26, 2012, instructed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (Doc. 71 at 1 ¶2.) The parties were also informed that "[u]nless otherwise ordered, Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 . . . shall not apply.[3]

#### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

---

[3]"Federal Rules of Civil Procedure 26 and 37 [require] that a party seeking relief from the court concerning obligations to respond to requests for discovery certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, however." (Doc. 71 at 2 ¶5.)

2

Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. Defendant's Motion

Defendant seeks an order compelling Plaintiff to respond to Defendant's First Set of Interrogatories. Defendant provides evidence that on December 13, 2012, he served Plaintiff with a First Set of Interrogatories consisting of three Interrogatories. (Declaration of Phillip L. Arthur ("Arthur Decl."), Doc. 75-1 at ¶2; Doc. 75-2 (Exh. A).) Pursuant to the court's Scheduling Order, Plaintiff's responses to the Interrogatories were due no later than January 31, 2013.[4] (Doc. 71.) Defendant asserts that on February 27, 2013, defense counsel wrote to Plaintiff in an attempt to obtain the responses. (Arthur Decl. at ¶3.) As of March 18, 2013, the date of Defendant's motion to compel, Plaintiff had not responded to Defendant's correspondence or provided responses to the Interrogatories. (Id. at ¶4.)

### C. Discussion

Based on the evidence set forth above by Defendant, the court finds that Plaintiff failed to timely respond to Defendant's First Set of Interrogatories, thus waiving any objections. Plaintiff has not opposed Defendant's motion. Therefore, Defendant's motion to compel shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, filed on March 18, 2013, is GRANTED;

---

[4] Pursuant to Rule 6(d), "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

3

2.     Plaintiff is required to respond to Defendant's First Set of Interrogatories within twenty days of the date of service of this order;

3.     No objections to the Interrogatories are allowed; and

4.     Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **September 25, 2013**                               **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE