UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MORGAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　Defendants. | 1:08-cv-00233-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS<br>(Docs. 81, 84, 86.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.   BACKGROUND

Kelly Morgan ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 15, 2008.  (Doc. 1.)  The case now proceeds on Plaintiff's Third Amended Complaint, filed on July 28, 2011, against defendant Correctional Officer (C/O) M. Hernandez ("Defendant") for retaliation and obstruction of mail, in violation of the First Amendment.[1]  (Doc. 45.)

On October 26, 2012, the court issued a scheduling order establishing pretrial deadlines for the parties, including a discovery deadline of June 26, 2013 and a dispositive motions

---

[1] All remaining claims and defendants were dismissed from this action by the Court on October 17, 2011, based on Plaintiff's failure to state a claim.  (Doc. 52.)

1

deadline of September 5, 2013.[2] (Doc. 71.) On March 18, 2013, Defendant filed a motion to compel Plaintiff to respond to Defendant's First Set of Interrogatories. (Doc. 75.) Plaintiff did not file an opposition to the motion. (Court Docket.) On September 25, 2013, the court granted Defendant's motion to compel, ordering Plaintiff to respond to Defendant's First Set of Interrogatories within twenty days. (Doc. 81.) In the court's order, Plaintiff was forewarned that his "failure to comply with this order shall result in a recommendation that this action be dismissed." (Id. at 4 ¶4.)

On October 30, 2013, Defendant filed a motion for the court to dismiss this action based on Plaintiff's failure to comply with the September 25, 2013 order, or in the alternative, to modify the scheduling order. (Doc. 82.) Plaintiff did not file an opposition to the motion.[3] (Court Docket.)

On December 6, 2013, the court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendant Hernandez' motion to dismiss, within thirty days. (Doc. 84.) Plaintiff was advised in the order that if he failed to comply with the court's order, the court would deem the failure to respond as a waiver, and recommend that Defendant's motion to dismiss be granted on that basis. (Id. at 2 ¶2.) On December 19, 2013, Plaintiff filed objections to the court's order, explaining that he is unable to litigate this lawsuit because he is presently housed in a psychiatric unit at the prison and does not have access to his legal materials. (Doc. 85.) Plaintiff simply requested the court to resolve this case in his favor. (Id.) On December 31, 2013, the court issued an order addressing Plaintiff's objections and granting him a thirty-day extension of time to comply with the court's order of December 6, 2013, by either filing an opposition or a statement of non-opposition to Defendant's motion to dismiss.

---

[2] On September 3, 2013, the court granted Defendant's motion to modify the scheduling order, extending the dispositive motions deadline to November 4, 2013. (Doc. 80.) To date, no other extensions of the deadlines have been granted.

[3] Under Local Rule 230(*l*), which governs motions in prisoner actions such as Plaintiff's, "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L. R. 230(*l*).

(Doc. 86.) Plaintiff was advised in the order that if he required another extension of time, he should file a motion for extension of time before the thirty day deadline expired. (Id. at 2:10-11.) To date, Plaintiff has not filed an opposition or statement of non-opposition, or otherwise responded to the court's order.

## II.  DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than five years, since February 15, 2008.  Plaintiff asserts that he is unable to prosecute the action.  However, Plaintiff has shown that he is capable of filing objections to the court's orders, and therefore has the ability to file a motion for extension of time if needed.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by requesting an extension of time to comply with the court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's orders that is causing delay.  Plaintiff's failure to respond to Defendant's interrogatories is unquestionably prejudicial to Defendant.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in

forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on Plaintiff's failure to obey the court's orders of September 25, 2013, December 6, 2013, and December 31, 2013.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 13, 2014**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE